UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DENNIS BERNARD BATES, JR.          CIVIL ACTION NO. 08-cv-1457

VERSUS          JUDGE WALTER

COMMUNITY BANK OF LOUISIANA          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Dennis Bernard Bates, Jr. ("Plaintiff") filed this civil action against Community Bank of Louisiana. A federal court such as this one has limited jurisdiction and the power to hear only certain kinds of civil cases. The most frequent grounds for the exercise of federal court jurisdiction are (1) when the parties are citizens of different states and the amount in controversy exceeds $75,000 and (2) when the plaintiff's claim relies on federal rather than state law. Plaintiff's complaint is somewhat difficult to understand, but the thrust of it appears to be dissatisfaction with the defendant bank's handling of certain deposits, checks, and withdrawals related to Plaintiff's bank account.

Plaintiff does not invoke any federal statute, and there is no federal claim evident from the complaint. Rather, the suit appears to be a state law claim for breach of contract or Louisiana statutes governing banking transactions. This court could exercise jurisdiction over such a state law claim only if both Plaintiff and the bank are citizens of different states and the amount in controversy exceeds $75,000. The record suggests that both Plaintiff and the bank are likely citizens of Louisiana, and the documents in the record contain no

allegation or suggestion to the contrary. The precise amount in controversy is difficult to determine, but the transactions about which Plaintiff complains are for a few hundred dollars or less, and their total would not exceed $75,000.

Plaintiff, as the person invoking federal jurisdiction, has the burden of overcoming the presumption that federal jurisdiction does not exist. Plaintiff has not squarely pleaded a federal law claim, and his complaint does not include facts that would support a finding of diversity jurisdiction. This court should, therefore, dismiss his case for lack of subject matter jurisdiction. Plaintiff will have to pursue his claims in a state court.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of October, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE